UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| YORDANIS PENA, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. __7:20-cv-00137____ |
| E.C. ROUSTABOUT SERVICE, INC., ERNESTO CARDENAS | § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Yordanis Pena (referred to as "Pena" or "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants E.C. Roustabout Service, Inc. and Ernesto Cardenas (collectively referred to as "E.C. Roustabout" or "Defendants"). In support thereof, they would respectfully show the Court as follows:

### I. Nature of Suit

1.     Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers." 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.      Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.      Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.      Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of themselves and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.      Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because the Defendants reside in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Midland Division of the Western District of Texas.

### III.  Parties

8.      Plaintiff Yordanis Pena is an individual who resides in Big Lake, Texas and who was employed by Defendants during the last three years.

9.      Defendant E.C. Roustabout Service, Inc. is a Texas corporation that may be served with process by serving its registered agent:

Ernesto Cardenas
1210 1st Street
Big Lake, Texas 76932

Alternatively, if the registered agent of E.C. Roustabout Service, Inc. cannot with reasonable diligence be found at the company's registered office, E.C. Roustabout Service, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.      Defendant Ernesto Cardenas is an individual that may be served with process at:

Ernesto Cardenas
1210 1st Street
Big Lake, Texas 76932

Alternatively, Ernesto Cardenas may be served with process pursuant to the TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

11.      Whenever it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it

was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12.     E.C. Roustabout Service, Inc. is an oilfield services company; it does business in the territorial jurisdiction of this Court.

13.     Ernesto Cardenas is the president of E.C. Roustabout Service, Inc.

14.     E.C. Roustabout does business in the territorial jurisdiction of the Court.

15.     E.C. Roustabout employed Pena as a pusher/laborer from approximately February 2017 through May 2020.

16.     During Plaintiff's employment with Defendants, they were engaged in commerce or in the production of goods for commerce.

17.     During Plaintiff's employment with Defendants, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

18.     Defendants paid Plaintiff on an hourly basis.

19.     During Plaintiff's employment with Defendants, he regularly worked in excess of forty hours per week.

20.     Defendants, though, did not pay Plaintiff for all of the hours that he worked, and it did not count all of the hours that Plaintiff worked towards its obligation to pay overtime.

21.     Defendants knew or reasonably should have known that Plaintiff worked in excess of forty hours per week.

22.     Defendants did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours they worked in excess of forty per week.

23.     Instead, Defendants failed to pay for all of the hours that Plaintiff worked and to count all of the hours that Plaintiff worked towards its obligation to pay overtime.

24.     In other words, Defendants paid Plaintiff for fewer hours—both regular hours and overtime hours—than he actually worked.

25.     Additionally, when it did pay overtime, Defendants paid Plaintiff at a reduced hourly rate (in other words, at a straight-time rate).

26.     Defendants knew or reasonably should have known that Plaintiff was not exempt from the overtime requirements of the FLSA.

27.     Defendants failed to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c).

28.     Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

29.     Defendants are liable to Plaintiff for his unpaid overtime wages, related damages and penalties, and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

30.     All pushers and laborers employed by Defendants are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they worked in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages, and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

31.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

32.     During Plaintiff's employment with Defendants, he was a nonexempt employee.

33.     As a nonexempt employee, E.C. Roustabout was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [they were] employed[]" for the hours that they worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

34.     E.C. Roustabout did not pay Plaintiff overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty (40) per week.

35.     Instead, E.C. Roustabout collectively paid Plaintiff at a reduced straight time rate, for forty (40) hours each week, regardless of the number of hours he worked.

36.     In other words, E.C. Roustabout did not pay Plaintiff for any hours worked in excess of forty (40) each week in violation of the FLSA.

37.     If E.C. Roustabout classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

38.     E.C. Roustabout knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, E.C. Roustabout willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—
### Collective Action Allegations

39.     Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

40.     On information and belief, other employees have been victimized by E.C. Roustabout violations of the FLSA identified above.

41.     These employees are similarly situated to Plaintiff because, during the relevant time period, they were subject to the same pay practice or policy, was in a traditionally non-exempt position, and were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rate for hours worked over forty in a workweek.

42.     E.C. Roustabout's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44.     All non-exempt employees employed by E.C. Roustabout, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All hourly, non-exempt employees, regardless of position, employed by
> E.C. Roustabout Service, Inc. during the last three years.

45.     E.C. Roustabout is liable to Plaintiff and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

46.     Because E.C. Roustabout knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Plaintiff and the members of the putative class their unpaid overtime wages for at least the last three years.

47.     E.C. Roustabout is liable to Plaintiff and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

48.     E.C. Roustabout is liable to Plaintiff and the members of the putative classes for their reasonable attorneys' fees and costs.

49.     Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on their behalf as well as all other putative class members.

## VIII.  Prayer

50. Plaintiff prays for the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.  judgment awarding Plaintiff and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c.  prejudgment interest at the applicable rate;

   d.  postjudgment interest at the applicable rate;

   e.  incentive awards for any class representative(s); and

   f.  all such other and further relief to which Plaintiff and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**